## ROSAS v. MARIANI.

### APPEAL from the District Court of Ponce.

No. 11.—Decided May 1, 1905.

FIXING OF BOUNDARIES OF RURAL ESTATE.—Where in judicial proceedings to establish the boundaries of a rural estate the owner of an adjoining property makes objection the proceedings should be discontinued with respect to the boundary which is the cause of such objection, reserving to the party his rights to prosecute the proper action for the protection of his rights.

INTERDICT TO RECOVER POSSESSION.—Where the evidence introduced in an application for interdict shows that the plaintiff was in possession of the land involved therein, and was dispossessed by acts of the defendant, an interdict to recover possession will be granted and the plaintiff will be restored to the possession, but the rights of the defendant will not be thereby prejudiced and he may enforce the same by means of the proper judicial action.

The facts are stated in the opinion.

*Mr. de Diego,* for appellant.

*Mr. Texidor,* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

This was an application for an interdict to recover possession filed in the Ponce court by Guillermo Frank Rosas, as the lessee of an estate called "Cinco Hermanos," consisting of 600 *cuerdas* of land situated in the *barrio* of Guánica, municipal district of Yauco, title to which property is vested in the Estate of Carreras y Grimaldi. The facts set forth in the petition in these proceedings filed on October 9, 1902, are the following:

"First. Possession in favor of the petitioner, Guillermo Frank Rosas, since December 1, 1899, of the said estate, which has since time immemorial been bounded on the west by the Guánica road and after the change of the road in the direction indicated it has been bounded by the signs, which still exist, of the old road, to the edge of which cane has been planted in the eastern part.

"Second. The disseisin by Antonio Mariani y Cuprill of the western part of the estate referred to which adjoins the signs of the old road, such disseisin consisting in the former having entered on said estate on March 21, 1902, with a surveyor, doing surveying work on lands possessed and cultivated by the petitioner, notwithstanding the opposition and protest of the representative of the Estate of Carreras y Grimaldi, and subsequently committing another act in disseisin, consisting in the removal of a wire fence which prevented their passage and the cultivation in that section of the estate, all of which caused considerable loss."

Thereupon the testimony of the witnesses offered was heard, and in view of the result, which was favorable to the petitioner, the parties were ordered cited for the oral trial for which the law provides, a day being set for the hearing, and an order issuing to the Municipal Judge of Yauco for the citation of Antonio Mariani y Cuprill, the defendant, upon whom notice was served on April 25, 1902, by writ which was

delivered to a brother on account of his not having been found in his house.

The oral trial was held on October 29, 1902, after the defendant Mariani had been declared in default on account of his non-appearance. At this hearing the instrument was presented embodying the contract for the lease of said estate entered into between the petitioner Frank and the Estate of Carreras Grimaldi, dated December 1, 1899, the favorable portions of the previous testimony were reproduced, two more witnesses testifying, and the court, taking into consideration the fact that eight witnesses had testified to the truth of the disseisin and that the action was brought before the expiration of one year after such disseisin, granted the petition and made the proper orders, among them, one reserving to the parties any right they might have to the final possession, of which they may avail themselves in the proper action.

In compliance with the order of the court, the petitioner was restored in possession of the part of the property of which he had been disseised, but as the wire fence was still there an order was prayed for and issued directing the defendant to remove it and that personal notice should be served on him of the judgment rendered. Notice of the judgment was served upon him on December 20, 1902, although he refused to sign the return, for which reason two witnesses were called on to do so.

Attorney José de Diego, on behalf of Mariani, took an appeal in cassation on December 31, 1902, and after the same was allowed the record of the case was forwarded to this Supreme Court, the proper summons and citation issuing.

As a consequence of the law of the Legislative Assembly of this Island which converted this court into a court of appeals, the appeal in cassation was prosecuted as an ordinary appeal, and after the appellant had examined and returned the record, and the absence of Mariani in the United States

since August 11, 1902, had been established, in accordance with the provisions of subdivision 5 of article 861 of the old law of civil procedure applicable by virtue of the provisions of said law, evidence was heard in these proceedings, and after the admission of part of that introduced, consisting of maps, a record of the survey and the testimony of witnesses, the evidence was ordered to be made a part of the record, which was again delivered to Attorney William H. Hawkins, counsel for Mariani, the appellant, for his examination, and then to Jacinto Texidor, Esq., counsel for Frank Rosas, the respondent; and after returning the same, counsel for the parties made their oral arguments at the hearing which took place on April 7th last.

In view of the proceedings had in the court of Ponce and with the defendant in default, there could remain no doubt of the affirmance of the judgment appealed from in all its parts, because judgment was rendered merely on the evidence introduced, which was favorable to the petitioner.

But the fact is that the same conclusion is reached after a study of the evidence introduced in this Supreme Court.

As a matter of fact the following has been introduced: "A drawing showing the highway from Yauco to Guánica, with two tracings for the change of the route thereof," and "a sketch of the road from the town of Yauco to the Port of Guánica with a tracing of another straight line from one point to the other." But this plan and this sketch, without any explanation of any kind and without showing thereon the situation of the "Cinco Hermanos" estate leased by Frank and that of Mariani, do not throw any light on the points in controversy; that is to say, on the matter of the possession and the disseisin of a part of the estate now possessed by the petitioner and respondent, Guillermo Frank y Rosas.

Witnesses Jorge Mussender, Martín Santiago and Pedro Cruz testify that it is true that Antonio Mariani y Cuprill is the possessor of an estate in the *barrio* of Guánica, municipal

district of Yauco, which property forms a part or an estate called "Maria Antonia," adjoining another property belonging to the Estate of Carreras y Grimaldi; that both properties adjoin at the point crossed by the old road from Yauco to Guánica; that Mariani has for many years possessed the lands constituting the "Maria Antonia" estate without ever having extended his possession beyond the area of such lands; that he knows of a survey made on March 21, 1902, and that the surveyor fixed and set the dividing line between both properties along the line of the old road from Guánica to Yauco; that this survey did not modify in any way the possession which Antonio Mariani had of the lands of his estate; that it is not true that neither at the time of the survey nor before nor after such time, Mariani had disseised or disturbed the estate of Carreras or its lessee, Guillermo Frank y Rosas.

It would appear that this testimony is contradictory to that of a large number of witness who testified before the court of Ponce; but this is not so, because the latter testified as to the fact of a wire fence having been placed by Mariani on lands in the possession of Frank Rosas, and this wire fence was found when the possession of the portion of land to which these summary proceedings refer was restored to the latter. It is true that the three witnesses of Mariani do not affirm in an absolute manner that Mariani did not perform any act of disseisin, but in order to accept this it would have been necessary for them to have referred to the wire fence and have stated that it had been placed on land belonging to and in the possession of Mariani.

But there is one important circumstance established by documentary evidence also introduced in this Supreme Court, being the record of the survey and demarkation of the estate of the appellant, Antonio Mariani y Cuprill, made March 21, 1902, and introduced by him.

At this act Mariani was represented by Jorge Mussender, who is one of the three witnesses who testified here in his

favor, and the family council of the Estate of Carreras y Grimaldi was represented by Francisco Lluch and Antonio Rodríguez.

We must not lose sight of the fact that on the date of the survey the succession of Carreras Grimaldi had already leased its estate to Guillermo Frank Rosas, the petitioner in these summary proceedings.

Now then, at this proceeding the representatives of the Estate of Carreras stated that they were not satisfied with the points and boundaries, according to the documents and plans presented by Mariani, nor with the line which was to be run, considering it prejudicial to the interests of their principals, and therefore protested against the survey and withdrew. The survey and demarkation of the estate of Mariani was continued under these circumstances, and if Frank Mariani did nothing it was probably due to the fact that the wire fence was not then erected, which fence interferes with the passage and hence prevents the cultivation of that part of land situated between the fence and the location of the signs of the old Guánica road.

Article 2069 of the former law of civil procedure applicable to surveys, provides as follows:

"Art. 2069. If, before beginning the survey, objections are raised by the owner of any adjacent land, the survey of that part of the land which adjoins that of the opposing party shall be suspended, the parties reserving their rights, which they may exercise in the declaratory action which may be proper.

"The same shall be done if any objection is raised during the proceedings, if the parties in interest cannot at once agree upon the matter in dispute.

"In either case the survey of the remainder of the estate may be continued, at the request of the petitioner, if the other adjoining owners do not object thereto."

There is no doubt that objection was made at the time of the survey by the representatives of the minor owners of the

estate, because no other construction can be placed on their statements and consequent protest, and as there was no agreement at the time of the survey as to the point where the line was run nor as to the establishment of the boundaries, the proceedings should have been suspended as to this point, with the reservation to the parties of their rights in order that they might enforce them in the proper declaratory action.

But far from doing this, the survey and demarkation were proceeded with, and subsequently Mariani removed the wire fence, which act gave rise to these summary proceedings.

A strong presumption in favor of Frank Rosas is to be found in the opposition and protest of the representatives of the Estate of Carreras made long before and when no act of disseisin had as yet taken place, which presumption, added to the specific and determinate evidence introduced in the court of Ponce, establish his right in the summary proceedings, which recognition does not prejudice in any manner the rights Mariani may have and which he may enforce in the proper action.

For these reasons we recommend that the judgment rendered by the court of Ponce of October 30, 1902, be affirmed with the costs against the appellant.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández and MacLeary concurred.

Mr. Justice Wolf did not take part in the decision of this case.